E-FILED
Thursday, 07 February, 2008  02:08:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07-2188 |
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, THE URBANA CHAMPAIGN SANITARY DISTRICT, and CEDA, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**O P I N I O N**

On October 10, 2007, Plaintiffs United States of America and the State of Illinois filed a Complaint (#1) seeking recovery of natural resource damages pursuant to Section 311(f) of the Clean Water Act as a result of damage to natural resources in the Saline Branch and Salt Fork of the Vermilion River in July 2002. The United States filed a Notice of Lodging of Proposed Consent Decree (#2) on October 10, 2007, indicating that the United States would publish notice of the lodging of the Proposed Consent Decree in the Federal Register to commence a thirty day public comment period. The Proposed Consent Decree would require Defendants University of Illinois, the Urbana Sanitary District and CEDA, Inc. to pay $450,000 for natural resource restoration work and pay an additional $41,000 to reimburse natural resource damage assessment costs incurred by the United States and the State of Illinois.

On December 19, 2007, this court held a status hearing in this matter. Plaintiffs advised the court that they received public comment from the Prairie Rivers Network (PRN) regarding the proposed consent decree. The court ordered Plaintiffs to file a copy of the public comment and to file a response to the public comment indicating whether Plaintiffs were seeking to enter the consent decree despite the public comments or whether Plaintiffs wished to amend the consent decree to incorporate the public comments received by PRN.

On December 20, 2007, the United States filed its Notice of Receipt of Public Comments on Proposed Consent Decree (#8) attaching the comments received from PRN. PRN indicates in its comment that it wants a "revised restoration plan which demonstrates the reasonable consideration of alternative restoration options, including an option involving the acquisition of land or conservation easements from willing sellers." On January 25, 2008, Plaintiffs filed a Joint Motion to Enter Consent Decree with Defendants (#14) with an accompanying Memorandum in Support (#15). In the motion, Plaintiffs indicate that they wish to enter the original consent decree despite the comments received by PRN. In their Memorandum in Support, Plaintiffs indicate Defendants also support entry of the Consent Decree.

"This court must review a consent decree to assure that it is fair, reasonable, adequate, and consistent with applicable law." United States v. BP Exploration & Oil Co., 167 F. Supp. 2d 1045, 1049 (N. D. Ind. 2001). The court must conduct this review to "determine whether the decree adequately protects and is consistent with the public interest." BP Exploration, 167 F. Supp. 2d at 1049. In doing so, this court is required to "keep in mind the strong policy favoring voluntary settlement of litigation," a presumption that is "particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal agency, like the Environmental Protection Agency, which enjoys substantial expertise in the environmental field." BP Exploration,

-2-

167 F. Supp. 2d at 1050.

The court has reviewed the proposed consent decree and the public comments from PRN. In evaluating the fairness of the consent decree, the court is to examine both the procedural and substantive fairness. See BP Exploration, 167 F. Supp. 2d at 1051. The court finds that the proposed consent decree is procedurally fair as all parties were represented by experienced counsel and the Government published the proposed consent decree for public comment for over 30 days pursuant to 28 C.F.R. § 50.7. Further, there is nothing in the record to indicate the settlement was reached in bad faith or was the result of collusion. The court further finds that the proposed consent decree is substantively fair in that it recovers the past costs of assessing the damages to natural resources and future restoration costs in a reasonable amount.

In evaluating the reasonableness of the consent decree, this court is to consider the nature and extent of potential hazards, possible alternatives to the consent decree, whether the decree will adequately accomplish the goal of cleaning the environment, whether the decree furthers the goal of the statute which forms the basis of the litigation, and whether the approval of the consent decree is in the public interest. See BP Exploration, 167 F. Supp. 2d at 1053. The court finds that the amount of the settlement is a fair and reasonable assessment of the amount of natural resource damage sustained from the release of ammonia contaminated effluent into the Saline Branch of the Vermilion River. The court further finds that entry of the consent decree is preferable to litigation in light of the substantial delay and costs associated with litigating this matter. Finally, this court concludes that the consent decree is in the public interest and coincides with the objective of the Clean Water Act, which is to restore and maintain the "chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

The primary objection of PRN relates to whether the consent decree will accomplish the

goals of cleaning the environment. PRN objects to how the settlement funds will be used, rather than to the amount of the settlement. PRN contends that the trustees for the resources damaged by the discharge incident "have insufficiently considered or evaluated restoration options and have instead developed a restoration plan that, if implemented, will fail to adequately either compensate for the damage inflicted or mitigate against future damages." PRN argues that the effectiveness of the restoration plan proposed in Appendix A of the Consent Decree is "questionable." In response, Plaintiffs indicate that the trustees for the damaged resources evaluated "an array of restoration project alternatives" and are "committed to further evaluation and refinement of its plans to construct j-vanes and rock riffles in the Saline Branch and to consider all alternatives for the use of the remaining settlement funds." Plaintiffs further point out that the trustees "have not decided on all of the restoration projects to be funded by the settlement proceeds in this Consent Decree, so it is premature to assert that the planned projects will not compensate for the natural resource damages." This court agrees with Plaintiffs that PRN has not objected to the terms of the Consent Decree or the amount of money that would be paid under it, but rather to the ways in which the money will be used. Because this court must give deference to a consent decree which has been negotiated by the Department of Justice on behalf of a federal agency which enjoys substantial expertise in the environmental field and because Plaintiffs indicate they will continue to seek public comments on how the money set forth in the consent decree will be used, this court grants Plaintiffs' Joint Motion to Enter Consent Decree with Defendants (#14) after considering the public comment of PRN. Accordingly, this court enters as of today's date the consent decree which was lodged with this court on October 10, 2007.

IT IS THEREFORE ORDERED:

    (1) Plaintiffs' Joint Motion to Enter Consent Decree with Defendants (#14) is GRANTED.

(2) The court enters as of today's date the Proposed Consent Decree lodged with this court on October 10, 2007.

(3) This case is terminated.

ENTERED this 7th day of February, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE